IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
Western Division

**KENDRICK ROBINSON,**

    **Plaintiff,**

vs.                                                                         No.: 2:21-cv-2204-JTF-cgc

**ISABELLA CASILLAS GUZMAN, as Administrator of the
SMALL BUSINESS ADMINISTRATOR,**

    **Defendant.**

## REPORT AND RECOMMENDATION

Before the Court, by way of Administrative Order 2013-05,[1] is the instant case. This matter was initiated in this court by the Plaintiff, Kendrick Robinson, on April 1, 2021. (D.E. # 1) Plaintiff alleges that he has attempted to "reach out to the SBA for assistance in getting my loan increase (sic) for $75,000 starting on January 16th, 2021." Although Plaintiff believes that he has submitted "all the necessary paperwork and sent in all the required documents," he has been told Defendant is "still missing required documentations." Because of this, Plaintiff believes that Defendant has violated the Cares Act and he has requested injunctive relief in the nature of an order compelling Defendant to grant Plaintiff funding. (D.E. # 7, PageID 18)

Federal courts are obliged to act sua sponte whenever a question about jurisdiction arises. See, e.g., *Insurance Corp. of Ireland, Ltd*., 456 U.S. at 702, 102 S. Ct. at 2104 ("a court, including an appellate court, will raise lack of subject-matter jurisdiction on its own motion"); *St.*

---

[1] The instant case has been referred to the United States Magistrate Judge by Administrative Order pursuant to the Federal Magistrates Act, 28 U.S.C. §§ 631-639. All pretrial matters within the Magistrate Judge's jurisdiction are referred pursuant to 28 U.S.C. § 636(b)(1)(A) for determination, and all other pretrial matters are referred pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) for report and recommendation

*Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 287 n.10, 58 S. Ct. 586, 589 n.10, 82 L. Ed. 845 (1938); *Answers in Genesis, Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009) ("federal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*"). Under Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

Article III of the Constitution limits the jurisdiction of federal courts to cases and controversies. Federal courts must determine that they have jurisdiction before proceeding to the merits of a case. *Steel Co. v. Citizens for Better Environment,* 523 U.S. 83, 94–95, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998). Federal district courts have original jurisdiction over civil actions including those arising under the Constitution, laws, or treaties of the United States, 28 U.S.C. § 1331. In this case, Plaintiff argues that Defendant has violated the Cares Act.

The Coronavirus Aid, Relief and Economic Security Act, Pub.L. 116-136 (2020), popularly known as the CARES Act, established, among other relief, the SBA Economic Injury Disaster Loan (EIDL) 15 U.S.C. § 636(b)(2) and the Paycheck Protection Plan (PPP) 15 U.S.C. § 636(a)(36). Loans under these programs are available to eligible small business owners to meet financial obligations and operating expenses that could have been met had the disaster not occurred[2] or to eligible recipients to keep their workers on payroll[3]. Each of these laws empowers the Administration to make loans under the respective programs but does not mandate the issuance of a loan.

---

[2] U.S. Small Business Administration, COVID-19 Economic Injury Disaster Loan, https://www.sba.gov/funding-programs/loans/covid-19-relief-options/covid-19-economic-injury-disaster-loan

[3] U.S. Small Business Administration, Paycheck Protection Program, https://www.sba.gov/funding-programs/loans/covid-19-relief-options/paycheck-protection-program

The Small Business Administration was created as an agency "which Administration shall be under the general direction and supervision of the President and shall not be affiliated with or be within any other agency or department of the Federal Government." 15 U.S.C. § 633(a). Judicial review of agencies of the United States is limited by the terms of the Administrative Procedure Act, 5 U.S.C. §§ 701 – 706. If the agency action is committed to the agency discretion by law then that action is not subject to judicial review. 5 U.S.C. § 701(a)(2). If an agency action is made reviewable by statute and is a "final agency action for which there is no other adequate remedy in a court" then that agency action is subject to judicial review. 5 U.S.C. § 704. Plaintiff does not plead or otherwise show that he is seeking review of a final agency action which is subject to judicial review. Therefore, it is RECOMMENDED that the Complaint be dismissed *sua sponte* for lack of subject matter jurisdiction.

**SIGNED** this 18th day of May, 2021.

s/Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL**