# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| KENDRICK ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:21-cv-02204-JTF-cgc |
| | ) | |
| U.S. SMALL BUSINESS ADMIN., | ) | |
| ISABELLA CASILLAS GUZMAN, | ) | |
| *Administrator* | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO DISMISS PLAINTIFF'S COMPLAINT *SUA SPONTE*

On April 1, 2021, Plaintiff filed a *pro-se* Complaint alleging that Defendants violated the Coronavirus Aid, Relief, and Economic Security Act, Pub.L. 116-136 (2020) or the "CARES Act" because Defendants failed to provide Plaintiff with additional federal funds that he applied for to help keep his business operational. (ECF No. 1.) In the Complaint, Plaintiff also requested injunctive relief in the form of an Order compelling Defendant to grant the funding requested. (Id.) On May 17, 2021, the Clerk of Court erroneously entered an entry of default, ECF No. 15, which the Court later set aside. (*See* ECF No. 19.) On May 18, 2021, the Magistrate Judge entered a Report and Recommendation, recommending that the Court dismiss, *sua sponte*, Plaintiff's Complaint for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3). (ECF No. 17, 2-3.) The Report and Recommendation also noted that any objections or exceptions to the Report and Recommendation must be filed with (14) days. (*Id*. at 3.) On May 25, 2021, Plaintiff filed a deficient Response and failed to properly object to the Report and Recommendation. (ECF

No. 18.)  On June 1, 2021, the Court entered an Order extending Plaintiff's time to file objections to the Report and Recommendation by an additional (14) days.  (ECF No. 20.)  However, Plaintiff did not file any objections by the June 15, 2021 deadline.  In the Order, the Court also informed Plaintiff that the failure to file objections within the (14) day period may constitute a waiver of review by the district court and any further appeal.  *Miller v. Currie*, 50 F. 3d 373, 380 (6th Cir. 1995.)  (ECF No. 20, 2.)  For the following reasons, the Court finds that the Magistrate Judge's Report and Recommendation should be **ADOPTED,** and Plaintiff's Complaint should be **DISMISSED**.

## I.     LEGAL STANDARD

Congress passed 28 U.S.C. § 636(b) "to relieve some of the burden on the federal courts by permitting the assignment of certain district court duties to magistrates."  *United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001).  Pursuant to the provision, magistrate judges may hear and determine any pretrial matter pending before the Court, except various dispositive motions.  28 U.S.C. § 636(b)(1)(A).  Regarding those excepted dispositive motions, magistrate judges may still hear and submit to the district court proposed findings of fact and recommendations for disposition.  28 U.S.C. § 636(b)(1)(B).  Upon hearing a pending matter, "the magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact."  Fed. R. Civ. P. 72(b)(1); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003).  Any party who disagrees with a magistrate's proposed findings and recommendation may file written objections to the report and recommendation.  Fed. R. Civ. P. 72(b)(2).

The standard of review that is applied by the district court depends on the nature of the matter considered by the magistrate judge.  *See Baker*, 67 F. App'x at 310 (citations omitted.)  Upon review, the district court may accept, reject, or modify the proposed findings or

recommendations of the magistrate judge.  *Brown v. Bd. of Educ.*, 47 F. Supp. 3d 665, 674 (W.D. Tenn. 2014); *see also* 28 U.S.C. § 636(b)(1).  The court "may also receive evidence or recommit the matter to the [m]agistrate [j]udge with instructions."  *Moses v. Gardner*, No. 2:14-cv-2706-SHL-dkv, 2015 U.S. Dist. LEXIS 29701, at *3 (W.D. Tenn. Mar. 11, 2015).

Usually, district court must review dispositive motions under the *de novo* standard.  However, a district court is not required to review "a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."  *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  A district judge should adopt the findings and rulings of the magistrate judge to which no specific objection is filed.  *Brown*, 47 F. Supp. 3d at 674.

The Court has fully reviewed the record in this case, including Plaintiff's Complaint, First and Second Motions for Preliminary Injunction, Motion for Judgment, Motion for Hearing, and Response to Order to Show Cause.  (ECF Nos. 7, 10, 12, 14 & 18.)   The Court denied Plaintiff's Motion for Hearing on June 1, 2021.  (ECF No. 20.)  As noted above, Plaintiff filed deficient Motions for Preliminary Injunction, ECF Nos. 7 & 10, and filed another deficient Response to the Order to Show Cause.  (*See* ECF No. 18.)

The Court has also reviewed *de novo* the Magistrate Judge's Report and Recommendation.  (ECF No. 17.)  As discussed, *supra*, Plaintiff filed deficient objections to the Report and Recommendation and also failed to file proper objections after the Court granted him an additional (14) days to respond.  (*See* ECF No. 20.)  Therefore, after a full review of the Magistrate Judge's Report and Recommendation, including the "Proposed Conclusions of Law", the Court adopts the Magistrate Judge's Recommendation that Plaintiff's Complaint be Dismissed, *sua sponte*.

Upon *de novo* review, the Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation and **DISMISSES**, *sua sponte*, Plaintiff's Complaint with prejudice.

3

**IT IS SO ORDERED** on this 30th day of June 2021.

                                                ***s/John T. Fowlkes, Jr.***
                                                John T. Fowlkes, Jr.
                                                United States District Judge